WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allan Sobol, d/b/a Quick and Legal Paralegal Services,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Linda Grau and Donald F. Steward,<br><br>　　　　Defendants. | No. CV 07-0937-PHX-SMM<br><br>**ORDER** |

Pending before the Court is Defendant Linda Grau's and Defendant Donald F. Steward's (collectively "Defendants") Motion to Dismiss. (Dkt. 9.) Defendants seek to dismiss Plaintiff Allan Sobol's ("Sobol") Complaint pursuant to Rules 4(m) and 12(b) of the Federal Rules of Civil Procedure. (Dkt. 1.)

**BACKGROUND**

**A.    Procedural History**

Sobol filed the Complaint on May 8, 2007. (Dkt. 1.) In its "Standard Track Initial Order" dated May 21, 2007, the Court ordered Sobol to " effect service of the Complaint and Summons upon all Defendants no later than 120 days after the filing of the Complaint." (Dkt. 3.) The deadline for service was therefore September 5, 2007. No activity in this case occurred until April 10, 2008 when this Court ordered Sobol to show cause why it should not dismiss the case under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure. (Dkt. 4.) Sobol then served Defendants on April 23, 2008. (Dkt. 5, 6.) The Defendants were thus

served well beyond the 120 day limit required by Rule 4(m) and the Court's Order. Defendants filed the instant Motion on May 13, 2008. (Dkt. 9.)

## STANDARD OF REVIEW

Rule 4(m) requires the defendant in a case be served within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m). The Rule gives the Court discretion to dismiss a claim or grant an extension of time when a Plaintiff fails to timely serve the Defendants. *Id.* Additionally, if "the plaintiff shows good cause for the failure, the court must extend the time for service . . ." *Id.* "At a minimum, good cause means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (internal quotations omitted). To qualify its behavior as excusable neglect, a plaintiff may have to show that, *inter alia*, "plaintiff would be severely prejudiced if his complaint were dismissed. *Id.* at 756 (citing *Hart v. United States*, 817 F.2d 78, 80-81 (9th Cir. 1987)).

## DISCUSSION

Sobol claims personal hardships he suffered immediately following initiation of this lawsuit were the reason he failed to properly serve Defendants. Sobol asks the Court to exercise its discretion or decide that these hardships constitute "good cause" for his failure and extend the service deadline to coincide with his actions on April 23, 2008. While the Court does sympathize with the life changes Sobol went through, he nonetheless had the duty to continue to prosecute this matter as required by Rule 4. A lapse of 350 days between the filing of the Complaint and service on the Defendants greatly exceeds the time period established by Rule 4(m).

Further, the Court finds that Sobol would not be "severely prejudiced if his complaint were dismissed." In Sobol's own mind, he "presumed that the Court had dismissed the action" on May 21, 2007 and was "resigned to that inevitably." (Dkt. 10.) Sobol also admits he is "still free to re-file a revised complaint and begin the process anew." *Id.* Therefore the Court will grant Defendants' Motion to Dismiss for failure to serve.

//

**CONCLUSION**

In light of the reasons set forth above,

**IT IS HEREBY ORDERED GRANTING** Defendants' Motion to Dismiss. (Dkt. 9.)

**IT IS FURTHER ORDERED DISMISSING** the Complaint without prejudice and directing the Clerk of the Court to terminate this matter.

DATED this 23rd day of July, 2008.

Stephen M. McNamee
United States District Judge